# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## WINSTON-SALEM DIVISION

**CAROL FLACKS,**
individually and on behalf of all
others similarly situated,

**CLASS ACTION**

      Plaintiff,

Case No. 1:26-cv-242

v.

**DOUBLE NEAT LLC,**

      Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Carol Flacks brings this class action against Defendant Double Neat LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA").

2.      To promote its goods and services, Defendant engages in unsolicited telemarketing text messaging.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District like Plaintiff.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and resident of Forsyth, County.

7. Defendant is a corporation whose principal office is located in Maine.

## FACTS

8. Defendant caused multiple text messages to be transmitted to Plaintiff's cellular telephone number ending in 1510.

9. Plaintiff received text messages from Defendant on November 21, 2025, December 15, 2025, and February 1, 2026.

10. The subject text messages are provided below:

2

Friday, Nov 21 • 1:46 PM

"I and love and you": We couldn't pick favorites. So we didn't. EV-FURRY-THING IS ON SALE. 25% off starts now! https://ily.kla4.io/cs6eNA

Text STOP to opt-out

↻

Tap to load preview


"I and love and you": 25% off stocking stuffers! Treat your +1 with code STOCKING25. Shop gifts they'll love: https://ily.kla4.io/25Usb2 Text STOP to opt-out

↻

Tap to load preview

Monday, Dec 15 • 2:45 PM

"I and love and you": FINAL DAY for 25% off stocking stuffers with code STOCKING25. Shop gifts they'll love: https://ily.kla4.io/K7b3bg Text STOP to opt-out

↻

Tap to load p'

↓

4





Wednesday • 3:36 PM

Hey! Did you get anything for Valentine's Day yet?

We have the perfect gift for whiskey lovers and it includes bourbon pecan pie chocolate bars, whiskey coffee and more.

Grab our Whiskey Lovers Valentine's Day Box before it's too late -->
https://m.doubleneat.com/t45qbP

 Text message

6

11.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

12.     Plaintiff is the regular user of the telephone number that received the above calls.

13.     Plaintiff uses her cell phone number for personal use only as one would use a landline telephone number in a home.

14.     Plaintiff uses her cellular telephone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

15.     Plaintiff does not have a landline in her home.

16.     Plaintiff does not have any other telephone number.

17.     Plaintiff pays for her cellular telephone plan herself and is not reimbursed by a business.

18.     Plaintiff has never had her cellular telephone number associated with a business.

19.     Plaintiff has never used her phone number in any business or marketing materials.

20.     Plaintiff's cellular telephone number has been listed on the National Do Not Call Registry since November 15, 2024.

21.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

23.     Plaintiff brings this case on behalf of the Class defined as follows:

7

**DNC Class: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one text message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's goods, products, and/or eye exam and related services; (4) to said person's residential cellular telephone number.**

24. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

26. Upon information and belief, Defendant has made calls and sent text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are on the National Do Not Call Registry without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text records.

### COMMON QUESTIONS OF LAW AND FACT

28. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

      a. Whether Defendant initiated text messages to Plaintiff and the Class members;

8

b. Whether Defendant initiated text messages to individuals whose numbers were on the National Do Not Call Registry;

c. Whether Defendant violated 47 C.F.R. § 64.1200(d); and

d. Whether Defendant is liable for damages, and the amount of such damages.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

31. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

32. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class is in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if

9

every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

33. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227(c) and 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

34. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

37. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

10

38.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

40.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA; and

c)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

11

Dated: March 12, 2026.

**BY:**    */s/ Anthony I. Paronich*
Anthony I. Paronich
M.A. State Bar No. 678437
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for Plaintiff*

*/s/ Karl S. Gwaltney*
Karl S. Gwaltney
**MAGINNIS HOWARD**
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Tel: (919) 526-0450
Fax: (919) 882-8763
kgwaltney@carolinalaw.com
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

12