CAROL FLACKS,

Plaintiff,

v.

DOUBLE NEAT LLC,

Defendant.

Case No. 1:26-cv-242

CLASS ACTION

### Defendant Double Neat LLC's Answer and Affirmative Defenses to Class Action Complaint

Defendant Double Neat LLC ("Defendant"), by and through its attorneys, hereby submits its Answers and Affirmative Defenses to the Class Action Complaint (the "Complaint") filed by Plaintiff Carol Flacks ("Plaintiff") and states as follows:

### As to the Introduction

The allegations contained the introductory paragraph of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in the introductory paragraph of the Complaint.

### Nature of the Action

1. The allegations contained in Paragraph 1 of the Complaint set forth legal conclusions to which no response is required. To the extent a

response is deemed required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. The allegations contained in Paragraph 4 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5, except admits it does business in the district.

### Parties

6. The allegations contained in Paragraph 6 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a

Case 1:26-cv-00242-TDS-LPA    Document 7    Filed 06/05/26    Page 2 of 13

belief about the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant admits that it is a limited liability corporation organized under the laws of the State of Delaware, with its principal office in Maine.

## Facts

8. Defendant denies the allegation in Paragraph 8, except admits only that after Plaintiff subscribed to receive email and SMS marketing on Defendant's website, Plaintiff may have received SMS marketing from Defendant.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10. Defendant denies it sent the messages reflected in the first three screenshots incorporated into Paragraph 10 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11. The allegations contained in Paragraph 11 of the Complaint set forth legal conclusions to which no response is required. To the extent a

Case 1:26-cv-00242-TDS-LPA    Document 7    Filed 06/05/26    Page 3 of 13

response is deemed required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies same.

21. Defendant denies the allegation in Paragraph 21, except admits only that Defendant maintains and/or has access to data showing messages sent to customers who have signed up to receive marketing communications.

## Class Allegations

### Proposed Class

22. The allegations contained in Paragraph 22 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint set forth legal conclusions to which no response is required. To the extent a

response is deemed required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. The allegations contained in Paragraph 24 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations contained in Paragraph 25 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

**Numerosity**

26. Defendant denies the allegations.

27. The allegations contained in Paragraph 27 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

**Common Questions of Law and Fact**

28. The allegations contained in Paragraph 28 of the Complaint set forth legal conclusions to which no response is required. To the extent a

Case 1:26-cv-00242-TDS-LPA    Document 7    Filed 06/05/26    Page 6 of 13

response is deemed required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations contained in Paragraph 29 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

**Typicality**

30. The allegations contained in Paragraph 30 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**Protecting the Interest of the Class Members**

31. The allegations contained in Paragraph 31 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

**Proceeding Via Class Action is Superior and Advisable**

32. The allegations contained in Paragraph 32 of the Complaint set forth legal conclusions to which no response is required. To the extent a

response is deemed required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

**Count I**
Violation of 47 U.S.C. § 227(c) and 64.1200(c)
(On Behalf of Plaintiff and the DNC Class)

34. Defendant repeats, realleges, and incorporates by reference its responses to the foregoing Paragraphs of the Complaint as though the same were fully set forth herein.

35. The allegations contained in Paragraph 35 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. The allegations contained in Paragraph 36 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. The allegations contained in Paragraph 38 of the Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. The allegations contained in Paragraph 39 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. The allegations contained in Paragraph 40 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

### As to the Prayer for Relief

The allegations contained in the Prayer for Relief set forth legal conclusions to which no response is required. To the extent a response is

Case 1:26-cv-00242-TDS-LPA    Document 7    Filed 06/05/26    Page 9 of 13

deemed required, Defendant denies that Plaintiff is entitled to any relief sought therein.

## As to the Demand for Jury Trial

The allegations contained in the Demand for Jury Trial require no response from Defendant. To the extent a response is deemed required, Defendant denies the allegations contained therein.

## Defendant's Affirmative Defenses

1. Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, the claims against Defendant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Plaintiff's claims are barred, in whole or in part, the existence of a pre- existing and/or established business relationship between Defendant and Plaintiff.

3. Plaintiff's claims are barred, in whole or in part, by prior express consent.

4. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, or laches.

5. Plaintiff's claims are barred, in whole or in part, by Defendant's establishment and maintenance of reasonable practices and procedures for the prevention of telephone solicitations in violation of the Telephone

Consumer Protection Act ("TCPA").

6. Plaintiff's claims are barred, in whole or in part, by Defendant's substantial compliance with the "Safe Harbor" provisions of the TCPA. *See* 47 U.S.C. § 227(c); C.F.R. § 64.1200(c)(i)-(iii), (d)(1)-(6).

7. Plaintiff's claims are barred, in whole or in part, by the unconstitutionality and excessiveness of Plaintiff's statutory damages claim.

8. Plaintiff's claims are barred, in whole or in part, because Defendant did not commit, initiate, direct, control, ratify, and/or supervise the conduct of which Plaintiff complains.

9. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

10. The Complaint fails to state a cause of action, as any communications made by Defendant were lawfully made in good faith under the TCPA.

11. Plaintiff's claims are barred by the statute of limitations.

12. Any damages sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable, reckless, and/or negligent conduct.

13. Defendant is not liable to Plaintiff because even if Plaintiff can show a violation of the TCPA, such a violation was not intentional. Rather, any violation alleged by Plaintiff, if it occurred, was the result of a bona fide

error that occurred in spite of Defendant's established procedures reasonably adopted to avoid such errors.

## Notice

Defendant reserves the right to amend its Answer and Affirmative Defenses based upon any information obtained in the course of discovery.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee*
    Matthew A. Abee, N.C. Bar No. 46949
    matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

    Chelsea K. Barnes, N.C. Bar No. 53378
    chelsea.barnes@nelsonmullins.com
    The Knollwood
    380 Knollwood Street
    Suite 530
    Winston-Salem, NC 27103
    (336) 774-3300

June 5, 2026        *Attorneys for Defendant Double Neat LLC*

<h1 align="center">Certificate of Service</h1>

I certify that, on the date set forth below, I caused a copy of the foregoing

document to be filed using CM/ECF, which will cause service on the following:

Anthony I. Paronich
M.A. State Bar No. 678437
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Counsel for Plaintiff*

Karl S. Gwaltney
N.C. State Bar No. 45118
MAGINNIS HOWARD
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Tel: (919) 526-0450
Fax: (919) 882-8763
kgwaltney@carolinalaw.com
*Local Civil Rule 83.1(d) Counsel for Plaintiff*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee*
    Matthew A. Abee, N.C. Bar No. 46949
    matt.abee@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

June 5, 2026        *Attorneys for Defendant Double Neat LLC*