**CAROL FLACKS,**
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

       Case No. 26-cv-242

**DOUBLE NEAT, LLC,**

       Defendant.

_____/

## JOINT RULE 26(F) REPORT

1.      Pursuant to Fed.R.Civ.P. 26(f) and LR16.1(b), a meeting was held July 10, 2026 via video conference and was attended by Anthony Paronich for Plaintiff, and Chelsea Barnes for Defendant.

2.      **Discovery Plan**.  The parties propose to the Court the following discovery plan:  If there is a pending dispositive motion: Discovery should not be postponed or limited pending determination of a pending dispositive motion.  The "commencement date" of discovery will be: **July 10, 2026.**

Discovery will be needed regarding Defendant's text message marketing campaigns, including the text message transmission records, campaign data, and related telecommunications records concerning Plaintiff and the proposed Class. Discovery will also be needed to identify the members of the proposed Class, including the telephone numbers to which Defendant transmitted marketing text messages during the relevant class period. Discovery will be necessary concerning Defendant's policies, procedures, training, and compliance efforts relating to the Telephone Consumer Protection Act, the National Do Not Call Registry, internal do-not-call procedures, consent practices, and telemarketing compliance. Discovery will also be needed regarding

1

Defendant's policies and procedures governing the creation, approval, dissemination, and monitoring of its text message marketing campaigns. The parties anticipate discovery concerning Defendant's use of any text messaging platforms, marketing vendors, telecommunications providers, customer relationship management systems, or other third parties involved in transmitting or facilitating the text messages at issue. Discovery will also be needed regarding Defendant's affirmative defenses, including any alleged consent, established business relationship, or other asserted exemption. Discovery will further concern Defendant's internal do-not-call lists, suppression lists, opt-out requests, opt-out processing procedures, and records reflecting compliance with 47 C.F.R. §§ 64.1200(c) and (d). The parties also anticipate discovery regarding Defendant's knowledge, intent, policies, and practices relevant to whether any alleged violations of the TCPA were willful or knowing. Discovery will be needed to identify witnesses with knowledge concerning Defendant's telemarketing practices, compliance efforts, and the text messaging campaigns at issue. Discovery will concern Defendant's relationships with any third-party vendors, marketing agencies, SMS platform providers, lead generators, or other entities possessing information relevant to the claims or defenses in this action. These subjects are directly relevant to Plaintiff's TCPA claims arising from Defendant's alleged transmission of unsolicited telemarketing text messages to residential cellular telephone numbers listed on the National Do Not Call Registry.

Additionally, discovery will be needed regarding plaintiff's standing to bring this action, including but not limited to whether plaintiff ever subscribed to Defendant's e-mail and SMS marketing. Discovery will also be needed as to any and all connections between Defendant and the text messages described in the complaint. This may include discovery directed towards various

third parties.  Discovery will also be needed as to plaintiff's ability to satisfy all of the requisite elements for a class action pursuant to Fed. R. Civ. P. 23.

Discovery shall be placed on a case-management track established in LR 26.1.  The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: **Exceptional.**

The date for the completion of all discovery (general and expert) is:  **March 22, 2027**

Stipulated modifications to the case management track include: **None**

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:  From Plaintiff(s) by **January 20, 2027**.  From Defendant(s) by **February 22, 2027.** Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3. **Mediation**.  Mediation should be conducted **late** in the discovery period, the exact date to be set by the mediator after consultation with the parties.  The parties agree that the mediator shall be **Aaron Weiss.**

4. **Preliminary Deposition Schedule**.  Preliminarily, the parties agree to the following schedule for depositions: **the parties are working to schedule the depositions for late fall or early winter**.  The parties will update this schedule at reasonable intervals.

5. Other items.

- Additional Parties and Amendment of Pleadings: Plaintiff(s) should be allowed until **September 28, 2026** to request leave to join additional parties or amend pleadings. Defendant(s) should be allowed until **September 28, 2026** to request leave to join additional parties or amend pleadings.  After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

3

- Dispositive Motions Deadline: The deadline for dispositive motions is April 19, 2027. Motion for Class Certification Deadline: The Plaintiff will be permitted until **August 31, 2027** to file a motion for class certification

- Magistrate Judge: The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master: **The parties do not agree to a Magistrate Judge for all purposes and have not agreed to the appointment of a master.**

- Trial: Trial of the action is expected to take approximately **5** days. A jury trial **has** been demanded.

- Service by Email: For documents that are required to be served in accordance with Fed. R. Civ. P. 5, the parties consent to having those documents sent to their counsel of record by email or secure file transfer. Service of any document required to be served under Rule 5 is therefore effective if the serving party emails or sends that document by secure file transfer to the party's counsel of record provided the serving party does not receive confirmation that the document failed to reach its recipient. The parties further agree to treat service by email as if it were traditional service by mail for the purpose of the three additional mailing days under Fed. R. Civ. P. 6(d).

- ESI Searches: The parties do not anticipate any unusual issues involving electronically stored information ("ESI"). The parties agree that any party requesting discovery of ESI shall provide, as reasonably possible, proposed search terms and other parameters at the time any ESI discovery is requested and, to the extent possible, identify the custodian or type of custodian to be searched. If the party receiving the request does not have the ESI or cannot perform the search because the information or data is maintained by another

4

custodian, the responding party shall provide that information to the extent it is within its possession, custody, or control. The parties agree to use their best efforts to confer regarding search parameters to attempt to limit the number of searches for the same ESI in advance of the ESI search. If any ESI is identified, then responsive, non-privileged information will be produced as PDF or TIFF files. This agreement is not intended to expand the parties' rights or duties under the Federal Rules of Civil Procedure and applicable case law. The parties reserve the right to seek protection and relief from the production of ESI as circumstances warrant.

- Privilege Claw-Back: The parties do not anticipate any particular issues with privileged or protected materials; however, should such issues arise, the parties plan to identify such information and the nature of any claim of privilege in response to any discovery request seeking the privileged or protected information. In the event a privileged or otherwise protected document is inadvertently produced to the opposing party during discovery, the parties agree that such inadvertent production will not constitute a waiver of either an available privilege or protection by the disclosing party. *See* Fed. R. Evid. 502. The parties further agree that in the event that the receiving party becomes aware that it has received either attorney-client privilege, joint defense/common interest, or work product-protected documents, it will promptly bring that fact to the attention of the producing party, and on request will promptly return or destroy any such document, along with all copies it has made.

- The parties discussed whether the case will involve the possibility of confidential or sealed documents and will be submitting a protective order.

5

Dated: July 20, 2026

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com
*Special Appearance*

**Counsel for Plaintiff**

/s/ *Chelsea K. Barnes*
Chelsea K. Barnes
Nelson Mullins Riley & Scarborough, LLP
chelsea.barnes@nelsonmullins.com
The Knollwood
380 Knollwood Street
Suite 530
Winston-Salem, NC 27103
(336) 774-3300

*Coumsel for Double Neat LLC*

6