UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

Case No. 1:26-cv-00242-TDS-LPA

CAROL FLACKS,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

DOUBLE NEAT, LLC,

Defendant.
___________________________________/

# CONSENT PROTECTIVE ORDER

With the consent of all parties, this Court recognizes Plaintiff Carol Flacks ("Plaintiff") and Defendant Double Neat, LLC ("Double Neat" and collectively, "the Parties") may possess confidential documents and proprietary information that may be relevant to this action and produced in discovery, but which should not be disclosed outside of this litigation. Accordingly, it is hereby **ORDERED** as follows:

## 1. Scope of Order.

This Protective Order ("Order") governs the use and handling of documents, electronic information in any form (including embedded data and metadata), testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof (collectively, the

"Information") produced or given by any Party or non-party during pre-trial proceedings in this Action. Information produced in this Action shall be used only for the purpose of this Action, and not for any other business, competitive, personal, private, public, or other purpose.

**2. Designation of Protected Information.**

Except with the prior written consent of the party or third-party producing documents ("Producing Party"), any Information that the Producing Party designates as CONFIDENTIAL shall be considered "Confidential Information" and shall not be disclosed to any person or used for any purpose except as expressly permitted in this Order.

(a) The Producing Party may designate as "CONFIDENTIAL" any Information that it produces in this Action which it contends contains confidential and proprietary internal business, strategic planning or tactical information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

(b) The designations will be made by an attorney and will be designated in conformance with Paragraph 8 of this Order.

**3. Objections to Designation.**

Any Party may object to the designation of any Information as Confidential Information by giving written notice to the designating Party that

it objects to the designation and the grounds for its objection. The Parties shall first meet and confer and attempt to resolve any such objection in good faith without action by the Court. If the objection cannot be resolved, the Producing Party must seek appropriate relief from the Court within 21 days after receipt of written notice of the objection. Until the Court rules on any such motion, the documents shall be treated as originally designated. The burden of proving that the Information is properly designated as Confidential Information is on the designating Party.

**4. Designation of Confidential Information Produced by Other Producing Parties.**

If a Producing Party produces material which another party reasonably believes to be Confidential Information without designating such Information as Confidential Information, the other party shall, upon discovery, promptly designate such documents or information as Confidential Information. If a Party opposes the designation of the documents or information, the procedure outlined in Paragraph 3 shall be followed. The Producing Party shall not be deemed to be in breach of this Order by reason of any use or disclosure of such Confidential Information that occurred before written notification of the correct designation. Inadvertent production of such Information in this case without designation as Confidential Information shall not be deemed a waiver,

in whole or in part, of a party's claim to confidentiality of such Confidential Information.

**5. Persons Who May Access Protected Information.**

Except as provided in Paragraph 8, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Information may be disclosed only to:

(a) Personnel employed by Parties to this lawsuit who are directly and actively involved in assisting with the prosecution or defense of this Litigation;

(b) Outside counsel of record for the Parties, their employees, staff, agents, and representatives;

(c) Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel and have been designated to consult or testify in this Litigation;

(d) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e) The Court, court reporters, videographers, stenographers, and court personnel;

(f) Any insurers, third-party administrators, their agents, or retained coverage counsel; and

(g) The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

**6. Application of This Protective Order to Persons with Access to Confidential Information.**

Each person given access to Confidential Information shall be advised that the Confidential Information is being disclosed subject to the terms of this Order and may not be disclosed or used other than as set forth in this Order.

(a) Before any person described above in Paragraph 5(c), 5(d), or 5(g) is given access to Confidential Information, that person must read and agree in writing, by signing an acknowledgment in the form attached as Exhibit A, to be bound by the provisions of this Order.

(b) Before any other person described in Paragraph 5 is shown any Confidential Information, that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions.

**7. Filing Documents Containing Confidential Information.**

In the event a Party wishes to use any Confidential Information, or any papers containing or disclosing the contents of such Confidential Information, in any pleading or document filed with the Court in this Action, that Party shall first confer with the Producing Party to determine if some alternative short of seeking to file the Confidential Information under seal is available. If, after conferring in good faith, no such other option is available, the party shall file the appropriate motion for leave to file under seal in compliance with

applicable local rules. Nothing in this Order authorizes the prospective filing of Confidential Information under seal.

## 8. Marking Documents and Other Records Containing Protected Information.

The designation of Protected Information shall be made as follows:

(a) In the case of documents and written discovery responses, by affixing the legend "CONFIDENTIAL" to each page containing any Protected Information.

(b) In the case of electronically stored information in any form (including embedded data and metadata) (collectively, "Electronic Data"), by designating the Electronic Data as Confidential Information in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape, file name, or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduced Protected Electronic Data to hard copy form, it shall mark the hard copy with the appropriate designation. Whenever any Protected Electronic Data is copied, all copies shall be marked with the appropriate designation.

(a) To the extent that a person described in Paragraph 5 creates, develops, establishes, or otherwise maintains, on any computer,

network, disk, tape, or other digital or analog machine-readable device, any information, files, databases or programs that contain Confidential Information, such person shall take all necessary steps to ensure that access to any Confidential Information is restricted to those persons who, by the terms of this Protective Order, are allowed access to such material.

(b) The inadvertent failure to stamp a document as CONFIDENTIAL shall not be deemed a waiver of a claim of confidentiality. The Producing Party shall give written notice to the Party receiving the Confidential Information promptly after the omission is discovered, and the receiving Party shall thereafter treat those materials as Confidential Information in accordance with this Protective Order.

**1. Use of Confidential Information at Depositions.**

Counsel for any Party wishing to use Confidential Information to examine fact witnesses who are not currently employed by the Producing Party, who were not employed by the Producing Party at the time the Confidential Information was created, or who did not create or receive the Confidential Information, shall have the witness review a copy of this Protective Order and sign the acknowledgement form attached as Exhibit A. If testimony is elicited at a deposition regarding Protected Information, a

Producing Party may designate such portions of the transcript which disclose Protected Information, along with any related exhibits, as CONFIDENTIAL during the deposition or within 30 days of receiving the transcript. The deposition transcript shall be treated as Confidential Information during this 30-day period. If the Producing Party elects to make the designation at the deposition, that party will do so in a manner so as not to interfere with the examination of the witness.

**2. Use of Confidential Information at Trial or Hearing.**

The restrictions, if any, that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the Court, in consultation with the Parties if necessary.

**3. No Waiver of Privilege.**

If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection or other ground for withholding production to which any Producing Party would otherwise be entitled. *See* Fed. R. Evid. 502. If the receiving party becomes aware that it has received documents protected by the attorney-client privilege, work product protection, or any other privilege or immunity, it will promptly bring that fact to the attention of the producing party, and on request

will promptly return or destroy any such document, along with all copies it has made.

**4. Modification.**

This Order may be modified by further stipulation of the Parties, subject to Court approval, and a Party may apply to the Court for relief from this Protective Order after giving notice to counsel of record and conferring with opposing counsel in an effort to reach agreement on any proposed modification. Nothing in this Order is intended to limit the parties' rights or obligations in discovery to object to the production of otherwise nonresponsive or protected information.

**5. Third Party Requests for Confidential Information.**

If any person receiving Confidential Information covered by this Protective Order is served with party discovery or subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Confidential Information covered by this Order, and such subpoena, document demand, or request seeks Confidential Information, the person receiving the subpoena, document demand, or request shall give written notice immediately (no more than three business days after receipt) to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the Confidential Information until any dispute relating to the production of such Confidential Information is resolved.

**6. Court Retains Jurisdiction.**

This Order shall survive the termination of this Action. This Court expressly retains jurisdiction over this Action for enforcement of the provisions of this Order following the final resolution of this Action.

**7. Return or Destruction of Confidential Information**

Within 60 days of the termination of this Action, including all appeals, all Confidential Information supplied by any Producing Party, and all copies thereof, upon request of the Producing Party, shall be returned to the Producing Party or shall be destroyed and their destruction certified.

**8. Parties May Use Their Own Confidential Information.**

Nothing in this Order shall affect a Party's use or disclosure of its own documents and records in any way.

**9. Violation of the Protective Order.**

The Court shall have discretion to impose sanctions, including reasonable monetary fines, for violations of the provisions of this Order governing the protection of material that is designated CONFIDENTIAL.

**10. No Admission**

The designation of any information, documents or things pursuant to this Order shall not, in and of itself, raise any inference as to the admissibility or inadmissibility of the information, documents, or things for the purposes of any trial in this matter. Nothing in this Order shall preclude any Party from

introducing information, documents or things marked as "CONFIDENTIAL" pursuant to this Order, and further, nothing in this Order shall preclude the Party that designated the information, documents or things as "CONFIDENTIAL" from seeking appropriate relief from the Court to protect the information, documents or things marked "CONFIDENTIAL" sought to be introduced into evidence from public disclosure or from raising any available objections.

ENTERED this ______ day of_____________, 2026.

_______________________________________
United States District Judge
Presiding

Consented and Agreed to by:

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ *Chelsea K. Barnes*
Chelsea K. Barnes, NC Bar No. 53378
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Phone: (336) 774-3397
Email: chelsea.barnes@nelsonmullins.com
*Counsel for Double Neat, LLC*

**AND**
**PARONICH LAW, P.C.**

By: */s/ Anthony I. Paronich*
*(w/ permission)*
Anthony I. Paronich
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Phone: (617) 485-0018
Email: anthony@paronichlaw.com
*Special Appearance*
*Counsel for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

Case No. 1:26-cv-00242-TDS-LPA

CAROL FLACKS,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

DOUBLE NEAT, LLC,

Defendant.
_________________________________/

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I hereby certify my understanding that Information designated "Confidential" is being provided to me pursuant to the terms and restrictions of the Consent Protective Order entered in this Action by the United States District Court for the Middle District of North Carolina on _____________, 2026 (the "Order").

I have read and understand the terms of the Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purposes of enforcement of the Order.

Signature: _______________________________ Date: ________________

Printed Name: ____________________________